# William P. Willis and John Siddons, doing business as W. P. Willis & Co., Appellants, *v.* F. M. Finley.

*Banks and banking—Checks—Presentation for payment.*

Where a check is received after banking hours, there is no unreasonable delay in depositing the check for collection in the usual course of business on the day after it was received, and presenting it to the bank for payment on the next day thereafter. Loux v. Fox, 171 Pa. 68, followed.

Argued Oct. 31, 1895. Appeal, No. 154, Oct. T., 1895, by plaintiffs, from judgment of C. P. No. 1, Allegheny County, March T., 1894, No. 733, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover the amount of an unpaid check.     Before STOWE, P. J.

At the trial it appeared that in November, 1893, W. P. Willis & Co., appellants of the city of New York, placed in the hands of A. C. Johnston, their attorney in Pittsburg, for collection, an account against F. M. Finley, amounting to $475, in payment of which on December 12, 1893, Johnston received from Mr. Finley, through his attorney, A. C. Spindler, Esq., a check for that amount drawn upon the banking firm of R. Patrick & Co., of Pittsburg.     This check was not delivered to Mr. Johnston until after 3 o'clock P.M. on the 12th, and was deposited by him for collection in the Anchor Savings Bank about 3:30 P.M. on the same day, by which it was sent to the First National Bank immediately after 9 o'clock A.M. on the 13th, and by the latter bank it was presented in the clearing house on the morning of December 14.     On that date R. Patrick & Co. suspended payment, and the check was returned through the Anchor Bank to Mr. Johnston unpaid.     It was admitted at the trial that Patrick & Co. were open and doing business on the 13th, and that the appellee had sufficient funds on deposit with them to have paid this check if it had been presented on that date.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.     Plaintiffs appealed.

*Error assigned* was above instruction.

*A. C. Johnston,* for appellants, cited on the question of reasonable time for presenting checks, Woodbury et al. v. Roberts, 59 Iowa, 348; Merchant Bank v. State Bank, 10 Wall. 604; Bridgeport Bank v. Dyer, 19 Conn. 136; Noble v. Kennoway, 2 Doug. 510; Smith v. Wright, 1 Caines, 43; Smith v. Miller, 6 Hill, 396; Adams v. Otterbach, 15 Howard, 539; Stewart v. Smith, 17 Ohio, 83; Heartt v. Rhodes, 66 Ill. 351.

*Alvin C. Spindler,* for appellee.—The payee or holder of a check, to charge the drawer in case of dishonor, must present the check for payment within a reasonable time: Nat. State Bank v. Weil, 141 Pa. 457; Byles on Bills, 20, 21; Alexander v. Burchfield, 1 C. & M. 75; Gough v. Staats, 13 Wend.

549; Rosenblatt v. Habermann, 8 Mo. App. 486; Planters' Bank v. Merritt, 7 Heiskell, 193; Little v. Phœnix Bank, 2 Hill, 425.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 6, 1886:

The undisputed facts of this case bring it within the principles of Loux & Son v. Fox et al., 171 Pa. 68. For reasons given in that case, we think due diligence was exercised in presenting the check in question for payment; and hence the learned court erred in directing a verdict for the defendant. There appears to be nothing in the case that requires extended comment.

Judgment reversed and a venire facias de novo awarded.