Syllabus.

88 Pa. 453; Commonwealth v. Moorehead, 118 Pa. 344; Pearl St., 111 Pa. 565; Kirkham v. Sharp, 1 Wh. 332; Gowen v. Phila. Exchange Co., 5 W. & S. 143; Brooklyn St., 118 Pa. 64; North Penna. Coal Co. v. Snowden, 42 Pa. 490; Washburn's App., 105 Pa. 482; act of May 9, 1889, P. L. 173.

*Mr. Andrew J. Maloney,* for the appellee.

Counsel cited: Paul v. Carver, 26 Pa. 223; Cox v. Freedley, 33 Pa. 124; Trutt v. Spotts, 87 Pa. 339; Spackman v. Steidel, 88 Pa. 453; Transue v. Sell, 105 Pa. 609; Baker v. Chester Gas Co., 73 Pa. 117; Ellis v. Academy, 120 Pa. 608; Pearl St., 111 Pa. 565; Schenley v. Commonwealth, 36 Pa. 62; Schenley v. Pittsburgh, 104 Pa. 472; Brooklyn St., 118 Pa. 646; Patterson v. Harlan, 124 Pa. 67.

PER CURIAM:

This was an appeal from the decree of the court below, awarding and continuing a special injunction. We do not discuss the merits of such cases, and will merely say in this instance that the defendants' affidavits so fully deny the equities of the plaintiff's bill that, in our opinion, the injunction should not have issued at this stage of the cause. It may present an entirely different aspect upon final hearing.

The decree is reversed, and the injunction dissolved at the costs of the appellee.

---

141  457
d171  72

141  457
39SC 444

## NATIONAL STATE BANK v. ABRAHAM WEIL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued March 24, 1891—Decided April 13, 1891.

1. What is a reasonable time in which a bank check must be presented for payment, will depend upon the circumstances; upon the time, mode, and place of receiving the check, and the relations of the parties between whom the question arises: Muncy Bor. Sch. D. v. Commonwealth, 84 Pa. 464.

Statement of Facts.

2. A check, unlike a bill of exchange, is generally intended for immediate payment and not for circulation, and therefore it becomes the duty of the holder to present it for payment as soon as he reasonably may; he keeps it at his own peril, in case of the bank's insolvency.

3. The drawer of a bank check, the payee, and the bank upon which it is drawn, all residing or being in the same city, a delay in presenting the check for payment for three days after its date is unreasonable, and will throw upon the holder a loss arising from the bank's suspension.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 95 January Term 1890, Sup. Ct.; court below, No. 440 March Term 1887, C. P. No. 1.

On April 2, 1887, the National State Bank of Camden, N. J., brought assumpsit against Abraham Weil, filing a statement of claim to recover upon a bank check dated May 26, 1885, drawn on the Shackamaxon Bank by "A. Weil" to the order of Doughten, Wilkins & Co., for $300, indorsed by Doughten, Wilkins & Co., and protested for non-payment.

On April 15, 1887, the defendant filed an affidavit of defence, averring as follows:

"That the check, upon which the above suit is brought, was delivered to Doughten, Wilkins & Co., the payees thereof, on the twenty-sixth day of May, 1885. That deponent is informed and believes that the said check was not presented, either by the said payees or the said plaintiffs, or any one else, upon the said Shackamaxon Bank for payment, until after the suspension and insolvency of the said bank, to wit, on the twenty-ninth day of May, 1885. That the said deponent, at the time of the delivery of the said check, and until the present time, had on deposit in said bank an amount far in excess of the amount of said check; and deponent further says, that if the said check had been duly presented to the said bank at any time prior to the said twenty-ninth day of May, 1885, the same would have been paid. All of which deponent expects to be able to prove at the trial of this cause."

A rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence having been argued, the court, BIDDLE, J., filed the following opinion:

The check upon which suit is brought in this case was drawn on the twenty-sixth day of May, 1885, by A. Weil, the defendant, residing in the city of Philadelphia, in favor of Doughten, Wilkins & Co., a mercantile house in the same city, upon the Shackamaxon Bank in said city.   The check was not presented for payment to that bank until the twenty-ninth day of May, after it had suspended payment.   It is contended by the defendant that, inasmuch as there were ample funds in the bank to his credit when it failed, and that if the said check had been duly presented to the said bank at any time prior to the said twenty-ninth day of May, 1885, it would have been paid, the loss was caused by the unreasonable delay in its presentation, and therefore the drawer was not liable upon it.   The question, therefore, is, whether the delay in its presentation was unreasonable.

When the facts and circumstances are ascertained, the reasonableness of time, said Chancellor Kent, vol. 3, p. 91, is a matter of law, and every case will depend upon its special circumstances.   This rule has also been recognized by our Supreme Court.   In the case of National Newark Banking Co. v. National Bank of Erie, 63 Pa. 404, a traveling collector, after reaching Erie, purchased a draft on New York.   The bill was purchased on the seventeenth day of March, and not presented until the twenty-eighth.   The Court says:  " The bill was drawn at Erie, in the state of Pennsylvania at the extreme western end of it, upon persons in the city of New York, and sold to a traveling agent whose residence was in Newark, in the state of New Jersey.   As all bank-notes in the present day are at par everywhere, the object in purchasing a draft was to prevent loss by theft, robbery or accident.   The business of the agent led him through the different places we have stated, and detained him necessarily on the road, and he was therefore not obliged, nor could it be expected, while so doing, that he would transmit the draft for collection to New York; nor would there be in fact any opportunity to negotiate it until he reached his own home in New Jersey."   And again in Muncy Bor. Sch. D. v. Commonwealth, 84 Pa. 464, Justice PAXSON in giving the opinion of the Supreme Court, says: " ' What is reasonable time will depend upon circumstances, and in many cases, upon the time, the mode, and the place of receiving the

Opinion of Court below.

check, and upon the relations of the parties between whom the question arises.' . . . . In the present case the draft was drawn on the tenth and presented on the twentieth. It did not come into the hands of the defendants until the thirteenth. It was payable to the order of the 'School Board of Muncy.' It must have been known to the drawers and the plaintiffs that such a draft was liable to be delayed. The fact that it required the indorsement of a board of school directors, which had to be convened and then take action upon the draft, was suggestive of delay. Then there was further delay between Muncy and Watsontown by reason of the mails. This is ground of excuse as we have seen. In point of fact the draft did not reach Watsontown until the evening of the day upon which the drawees failed."

As the circumstances of these cases do not in any respect correspond with those of the case under consideration, they are only valuable as establishing the principle that a reasonable time will depend upon circumstances, and upon the time, mode and place of receiving the check, and upon the relations of the parties between whom the question arises.

The check here in question was drawn by a commercial firm, in a commercial city, upon a city bank, in favor of another commercial firm, and is therefore strictly a mercantile transaction, not complicated by other considerations. There is no question of necessary delay in transmission, nor is any reason suggested why it could not have been presented at once, or anything connected with the transaction to indicate to the drawer that it would not be presented at once. If presented on the day of its receipt by the payee, it would have been paid; if deposited by him in a city bank on the day of its receipt, it would have been presented on the next day and paid. If deposited the day after its receipt, the twenty-seventh, for collection, it would have been presented on the twenty-eighth, and would then have been paid.

The rule in cases of this character is that, where the parties all reside in the same place, the holder should present the check on the day it is received, or the following day; and when payable at a different place from that in which it is negotiated, the check should be forwarded by mail on the same or the next succeeding day for presentment. The liability of the drawer

cannot, it is apprehended, be enlarged by circulating the check; and therefore, to charge him if the banker failed, the check, in whose hands soever, must be presented within the period within which the payee or first holder must have presented it; but as against the party transferring the check to the holder, it is sufficient, whatever the date of the check, to present it or forward it for presentment on the day next after its transfer: Byles on Bills, 35–39; Hay v. Colborn, 1 Rob. 345; Gough v. States, 13 Wend. 549; Moule v. Brown, 4 Bing., N. C., 266 (33 E. C. L. R.) The reason for this strictness is said to be that a check, unlike a bill of exchange, is generally intended for immediate payment and not for circulation; and therefore, it becomes the duty of the holder to present it for payment as soon as he reasonably may; he keeps it at his own peril, as negotiability is not of its essence, but at most merely an optional quality: Story on Prom. Notes, 670–688; Down v. Halling, 4 B. & C. 333.

The rule, therefore, is well established in the two greatest commercial cities of the world, that a check on a bank where all the parties are residents of the same city, must be presented on the day upon which it bears date, or on the next day, and if not, the risk of the solvency of the drawee is upon the payee. We think that rule should be applied to this case, there being no circumstance to except it from its operation, and that the delay in the presentation of the check was "unreasonable." The defendant is therefore not responsible for its non-payment.

The rule for judgment is discharged.

—Thereupon, the plaintiff took this appeal, specifying the order discharging the rule for judgment for want of a sufficient affidavit of defence, for error.

*Mr. John Sparhawk, Jr.,* for the appellant.

Counsel cited: Harker v. Anderson, 21 Wend. 372; Chitty on Bills, Am. ed., 48 a; Story on Prom. Notes, § 493; Muncy Bor. Sch. D. v. Commonwealth, 84 Pa. 471; Story on Bills, §§ 155, 156; National Newark Banking Co. v. National Bank of Erie, 63 Pa. 404; Gowan v. Jackson, 20 Johns. 176; Harvey v. Girard Bank, 119 Pa. 212.

*Mr. Charles Knittel,* for the appellee.

Counsel cited: Byles on Bills, *20, 21.

Statement of Facts.

PER CURIAM:

We need not add to what the learned judge below has so well said. He has fully covered the case, and we affirm the order for the reasons given by him.

Order affirmed.

---

## J. PHILLIPS ET UX. v. LIBRARY CO.

### APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued March 24, 1891—Decided April 13, 1891.

[To be reported.]

1. A corporation of another state, having no office or place of business in Pennsylvania, and not doing business therein, cannot be subjected without its consent to the jurisdiction of a court of this state, by the service upon its president, temporarily within the state for his own purposes, of a summons issued upon a cause of action arising elsewhere.

2. In such a case, the defendant having pleaded in abatement to the jurisdiction of the court, on the ground that it was a foreign corporation and had no corporate existence in this state, and the plaintiff having demurred to the plea, judgment on the demurrer was properly given for the defendant, notwithstanding the action was of a transitory nature.

3. Section 3, act of March 21, 1849, P. L. 216, and Knight v. Railroad Co., 108 Pa. 250; Usher v. Railroad Co., 126 Pa. 210, and like cases, contemplate a foreign corporation doing business within this state: officers of other foreign corporations, entering the state for their own business or pleasure, do not bring with them the corporations which they represent at home.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 146 January Term 1890, Sup. Ct.; court below, No. 97 March Term 1886, C. P. No. 3.

On February 15, 1886, James S. Phillips and Emily S. his wife, in right of said wife, brought case against "The Burlington Library Company, Richard Mott, President, and Samuel