# S. A. Loux & Son *v.* Samuel T. Fox, Landlord, and William Jones, Constable.

*Case stated—What it must contain—Practice, C. P.*

A case stated like a special verdict must set forth facts distinctly and unequivocally, and nothing must be left to inference; whatever is not expressly and distinctly agreed upon and set forth as admitted must not be taken to exist.

*Case stated—Payment—Check—Banks.*

On a case stated to recover a debt alleged by defendant to have been paid by a check on a bank which failed before the check was presented, the court cannot infer from an averment of the acceptance of the check by the plaintiff that the check was accepted as an unconditional payment and satisfaction of the debt in the absence of a direct averment to that effect.

*Banks and banking—Checks—Presentation for payment—Due diligence.*

Where a check is received after banking hours, there is no unreasonable delay in depositing the check for collection in the usual course of business on the day after it was received, and presenting it to the bank for payment on the next day thereafter: Bank v. Weil, 141 Pa. 457, distinguished.

Argued April 1, 1895. Appeal No. 160, Jan. T., 1895, by defendants, from judgment of C. P. No. 3, Phila. Co., June T., 1891, No. 252, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Case stated in replevin.

The case stated was as follows:

The plaintiffs above named are copartners, and carry on their business in the premises No. 1022 Ridge avenue, in the city of Philadelphia, which premises are rented by them from the defendant, Samuel T. Fox, above named, who has an office at Ninth and Callowhill streets, in said city, under a lease for the term of five years from the 1st day of September, 1888, at a monthly rent of forty dollars, payable in advance, which said rental was always paid by the said plaintiffs as the same accrued, either by check or in cash, up to the time hereinafter mentioned.

On the 6th day of May, 1891, the plaintiffs sent to the office of the said defendant their check for forty dollars in payment of the month's rent of said premises due on the 1st of

May in advance, which check was accepted by him and a receipt in regular form given therefor. The said check was drawn upon the Penn Safe Deposit and Trust Company (having its offices at Spring Garden and Thirteenth streets in said city) by the said plaintiffs to the order of the said defendant, and was delivered to him on the date aforesaid after 3 o'clock P. M., which was after banking hours of this company, and was deposited by the defendant Fox in the Penn National Bank, in the city of Philadelphia, where the defendant kept his banking account, in the usual course of business on May 7, 1891.

The Penn Safe Deposit and Trust Company opened for business as usual on the morning of May 8, 1891, and continued to transact its business in the usual course until half-past eleven o'clock on the morning of that day, at which hour it failed and ceased to do business, having at that time delivered a general assignment for the benefit of creditors, subsequently duly recorded, to Josiah R. Adams, and has not since resumed business.

The said check for forty dollars as aforesaid was presented to the said Penn Safe Deposit and Trust Company for payment on May 8, 1891, between the usual hours of banking, but after the said trust company had failed and ceased to do business.

At the time of the delivery of said check and thereafter the plaintiffs had more that sufficient funds on deposit to their credit with said trust company to pay said check.

The said defendant Fox thereupon, by his constable, William Jones, levied a distress upon the goods of the plaintiffs for the sum of forty dollars, whereupon the said plaintiffs took the writ of replevin in this case.

If the court be of the opinion that the said check was a payment of the rent so due as aforesaid on the 1st of May, 1891, then judgment for the plaintiffs, otherwise judgment for the defendants; costs to follow the judgment, and either party to have the right to sue out a writ of error.

The court entered judgment for plaintiffs on the case stated. Defendants appealed.

*Error assigned* was entry of judgment as above.

*Charles Francis Gummey, Jr., M. Hampton Todd* with him,

for appellants.—The landlord has concurrent remedies which he has a right to pursue until he obtains actual satisfaction : Mohler's App., 8 Pa. 28.

And a judgment, without satisfaction, works no extinguishment of the rent: Bantleon v. Smith, 2 Binney, 152; 3 Sharswood's Blackstone's Commentaries, 6; Snyder v. Kunkleman, 2 Watts, 426; Gordon v. Correy, 5 Binney, 552.

A check must be presented within a reasonable time; and what is a reasonable time is a matter of law, and depends upon the special circumstances of the particular case; upon the time, mode, and place of receiving the check, and the custom of the community where it is received : Rickford v. Ridge, 2 Campbell's Rep. 537.

*John D. Carlile,* for appellees.—The drawer of the check has a right to expect that it will be presented for payment, at the latest, within banking hours, on the day following the day of its delivery to the payee, if the bank on which it is drawn is in the same place where the payee lives and does business: Morse on Banks and Banking, 280; Boddington v. Davis, 24 Eng. Com. Law Rep. 750 ; Moule v. Brown, 33 Eng. Com. Law Rep. 347; Alexander v. Burchfield, 41 Eng. Com. Law Rep. 47; Holmes v. Roe, 62 Mich. 199.

The presentment of a check to the bank on which it is drawn on the day after its receipt is in time : Bank v. Weil, 141 Pa. 457.

A check, unlike a bill of exchange, is intended for immediate payment and not for circulation ; it is the duty of the holder to present it for payment as soon as he reasonably may.   He keeps it at his own peril in the case of the bank's insolvency.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895 :
The facts upon which judgment of the court below was asked appear in the case stated and need not be repeated at length. In substance, it appears that the plaintiffs, being indebted to their landlord, one of the defendants, for a month's rent due in advance, sent him a check on the Penn Safe Deposit and Trust Company for the amount thereof, on May 6, 1891, after three o'clock P. M., which was after banking hours of the company on which the check was drawn.   The " check was accepted by

him and a receipt in regular form given therefor." On the
following day, " in the usual course of business," he deposited
the check in the Penn National Bank where he kept his bank-
ing account; and on the next day, May 8, 1891, it was pre-
sented for payment to the drawee bank at its place of business
in Philadelphia during banking hours, but after 11.30 o'clock,
at which hour the drawee failed and ceased to do business.
When defendant received the check, and thereafter until the
drawee failed, the plaintiffs had on deposit with it to their credit
more than sufficient funds to pay the dishonored check.　Plain-
tiffs having refused to make good their check, the defendant
landlord distrained for the month's rent, and thereupon the
goods were replevied, etc.

After reciting the facts agreed upon,—of which the fore-
going is merely an outline,—the case stated provides : " If the
court be of opinion that the said check was a payment of the
rent so due as aforesaid, . . . . then judgment for the plaintiffs,
otherwise judgment for the defendants," etc.

It is claimed by plaintiffs that, upon the facts presented in
the case stated, the acceptance of the check by defendant was
absolute payment or satisfaction in full of the rent, and there-
fore a waiver of the right to distrain therefor ; but, if this posi-
tion is not sustained, they further claim that due diligence was
not exercised in presenting the check for payment.

As to the first proposition, it is sufficient to say that the case
stated contains no averment of fact or admission to the effect
that the defendant landlord accepted the check as uncondi-
tional payment and in satisfaction of the rent or in any manner
waived his right of distress.

A case stated is in the nature of a special verdict and is sub-
ject to the same rules.　It is well settled that a special verdict
must set forth facts and not the evidence from which facts may
be inferred : Kingsley v. Coyle, 58 Pa. 461.　All the facts must
be distinctly and unequivocally set forth, and nothing left to in-
ference ; whatever is not expressly and distinctly agreed upon
and set forth as admitted must not be taken to exist: Diehl v.
Ihrie, 3 Whart. 143 ; Seiple v. Seiple, 133 Pa. 460 ; Railroad
Co. v. Waterman, 54 Pa. 337 ; Berks Co. v. Pile, 18 Pa. 493 ;
Mutchler v. Easton, 148 Pa. 441.　It therefore follows that the
only question properly presented by the case stated is whether

due diligence was exercised in presenting the check for payment. If it was not presented and payment demanded in due time, the plaintiffs should not be visited with the loss resulting from failure of the bank on which it was drawn.

Where the facts are admitted, the question of reasonable time is one of law for the court: Morse on Banking, 389; 3 Kent's Com. 91; Rosenthal v. Ehrlicher, 154 Pa. 399. It is admitted that the check in question was received by defendant on May 6, 1891, after banking hours of the drawee bank. If the customary hours of banking may be considered in passing on the question of due diligence,—and there appears to be no reason why they should not,—it is very evident that nothing could have been done with the check on the day it was received. The banking day of the 6th had already ended, and for all practical purposes it was the same as if the check had been received before banking hours on the 7th instead of after banking hours on the 6th, because no effective step, towards presentation for payment, could have been taken earlier than commencement of banking hours on the 7th; and it is conceded that, if the check had been received on that day, it was presented within a reasonable time. In sending their check after close of banking hours on the 6th, the plaintiffs certainly knew that it could not be presented before banking hours on the next day. Considering the hour of the day when the check was delivered to defendant, it is practically the same as if, in express terms, it had been made payable on the following day. There is therefore no good reason why it should not be treated as received on the 7th instead of the 6th of May, 1891.

Plaintiffs mainly rely on the authority of Bank v. Weil, 141 Pa. 457, in which this court,—adopting the opinion of the learned trial judge,—held that a check on a bank, where all the parties are residents of the same city, must be presented on the day upon which it bears date or on the next day; and if not so presented, the risk of insolvency of the drawee is upon the payee. In that case the learned judge, referring to the check then in controversy, said: "nor is any reason suggested why it could not have been presented at once, or anything connected with the transaction to indicate to the drawer that it would not be presented at once. If presented on the day of its receipt it would have been paid; if deposited by him in a city bank on

the day of its receipt it would have been presented on the next day and paid;" and he accordingly applied the rule above stated because, as he says, there was "no circumstance" to exempt the case "from its operation." That case proceeds upon the assumption of what was doubtless a fact in the case, viz: that the check was received long enough before the close of banking hours, of the day of its date, to have enabled the payee to present it for payment or deposit it for collection on the same day. In that respect it differs materially from the case at bar; and that difference is, in our opinion, a circumstance which justifies us in holding that there was no unreasonable delay in depositing the check for collection on the day after it was received and presenting it for payment on the next day thereafter. As we have seen, it was simply impossible either to present the check in question for payment, or to deposit it for collection on the day it was received.

In every large commercial metropolis like Philadelphia, in which clearing houses are established, the customary mode of collecting checks drawn on banking institutious therein is by depositing them in bank for collection, etc. According to the ordinary course of business, checks thus deposited are presented for payment on the next ensuing business day. That appears to have been the course pursued by the defendant in this case; and unless the rule above quoted from Bank v. Weil, supra, is restricted in its operation to checks received during banking hours and a sufficient time before the close thereof to enable the payees either to present them for payment, or to deposit them for collection, on the day they are received, the usual course of business will be most seriously disturbed. Such limitation is fully warranted by the facts of that case as we understand them.

We are of opinion that upon the facts as presented in the case stated there was error in entering judgment for the plaintiffs.

Judgment reversed and judgment is now entered in favor of the defendants and against the. plaintiffs for forty dollars with interest from May 1, 1891 and costs, including the costs of this appeal.