# Hannon *v.* Allegheny Bellevue Land Company, Appellant.

*Banks and banking—Checks—Failure to deposit check within reasonable time—Mistake—Teller's check.*

1. Where a check is given in settlement of a transaction at 1:30 o'clock in the afternoon, but is not presented for payment until the third day afterwards, and one day after the bank on which it was drawn failed, and it appears that all the parties interested in the check, as well as the bank on which it was drawn, were located in the same city, the delay in presenting the check is unreasonable, and such delay is not excused by the fact that the person who received the check mistakenly thought that the check was insufficient in amount, and had delayed presenting it in order to find the maker, so as to have the amount corrected. In such a case it is immaterial that the check in question was a teller's check.

2. For all practical purposes in modern mercantile transactions, a teller's check is but a substitute for a certified check and much more closely resembles it than it does a bill of exchange, strictly speaking, and it is none the less a check because drawn by an executive officer of the bank upon the institution he serves.

3. Although in the negotiable instruments act, a check is designated as a bill of exchange, nevertheless the obligation of an indorser on a check is still as it was before the act, conditional and not absolute, and it is one of the conditions on which such obligation rests that the indorsed instrument shall be promptly presented for payment at the time and place fixed therefor, and that due notice of its dishonor be at once given.

Argued April 20, 1910. Appeal, No. 61, April T., 1910, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1906, No. 341, on verdict for plaintiff in case of Mary V. Hannon v. The Allegheny Bellevue Land Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit against the indorser on a check. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Defendant presented, inter alia, the following points:

3. In view of the circumstances of the transaction, proven without contradiction, the delay of defendant in depositing the check for $607 was reasonable, and the liability of plaintiff as indorser thereof is not discharged by that delay. *Answer:* Refused. [1]

4. Under all the pleadings and evidence in this case, the defendant is entitled to recover on its claim of set-off in the amount of $607, with interest from October 18, 1905, less receiver's dividends of $152.23, with interest on $121.78 thereof from September 15, 1906, and on $30.45 thereof from April 9, 1908. *Answer:* Refused. [2]

The court charged in part as follows:

[The question as to whether the check was presented within a reasonable time by the defendant after its receipt by the defendant or its agent is a question of law, where there is no dispute in the facts, and as we have construed the law in this case, we eliminate any dispute which there may be in the facts of the presentation of this check by the plaintiff to the defendant's agents, and the time of its presentation to the bank by defendant or its agent, and we instruct you that if you find under the instructions which I have already given you that Mrs. Hannon paid to the Freehold Real Estate Company the total amount of her balance due, namely, $740, then the check received that day by the Freehold Real Estate Company, as agent for this defendant, was not presented to the bank for payment with due diligence and they would not be entitled to recover on the indorsement of Mrs. Hannon.

On the other hand, if you find that Mrs. Hannon did not pay to the Freehold Real Estate Company $740 on that day, but only $640, then under these circumstances the presentation of the check to the Enterprise National Bank by the defendant or its agent was made with due diligence and the defendant would be entitled to recover a certificate in its favor for the amount of the check less the credits that had been made upon it.] [3]

Verdict and judgment for plaintiff for $925.33. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* for appellant.—In the following cases the delay in presenting demand promissory notes or notes overdue when indorsed, was held insufficient to discharge the prior indorsers: Four days: Rosson v. Carroll, 90 Tenn. 90, 12 L. R. A. 727. Six days: Freeman v. Boynton, 7 Mass. 483. Seven days: Seaver v. Lincoln, 38 Mass. 267. Twenty-three days: Goodwin v. Davenport, 47 Me. 112. One month: Ranger v. Cary, 42 Mass. 369; Van Hoesen v. Van Alstyne, 3 Wend. (N. Y.) 75. Two months: Lockwood v. Crawford, 18 Conn. 361.

On the other hand, in the following cases the delay was held to be too long and the indorsers to be discharged: Thirty days: Freeman v. Boynton, 7 Mass. 483. Three months: Merritt v. Jackson, 181 Mass. 69 (62 N. E. Repr. 987); Light v. Kingsbury, 50 Mo. 331. Four months: Bassenhorst v. Wilby, 45 Ohio, 333. Nine months: State v. Foley, 61 N. J. L. 428 (39 Atl. Repr. 650). Fourteen months: Wylie v. Cotter, 170 Mass. 356 (49 N. E. Repr. 746). Fifteen months: Dixon v. Clayville, 44 Md. 573. Two years and six months: Bank v. Hosie, 119 Mich. 116.

This instrument was the promise of a bank—an order upon itself—issued evidently as a substitute for money. Such instruments are not regarded in the same light as private checks or notes: Nutting v. Berked, 48 Mich. 241; Marbourg v. Brinkman, 23 Mo. App. 511.

Regarding the instrument now merely as a check or bill of exchange, and ignoring the provisions of sec. 130 of the negotiable instruments act, it seems to us that we necessarily must arrive at the same conclusion, and that there was no unreasonable delay: Bank v. Weil, 141 Pa. 457; Loux v. Fox, 171 Pa. 68; Willis v. Finley, 173 Pa.

28; National Newark Banking Co. v. Bank, 63 Pa. 404; School Dist. v. Com., 84 Pa. 464.

*F. C. McGirr*, of *Marron & McGirr*, for appellee.—The negotiable instrument act does not change the law with regard to the presentment of a check. In general a check should be presented on the next day after it is received, and such rule applies where a check is payable in the same town where it is drawn: Bank v. Weil, 141 Pa. 457; Loux & Son v. Fox, 171 Pa. 68; Harvey v. Bank, 119 Pa. 212.

It is claimed that the instrument in this case is not a real check because it was issued by a bank. We think this makes no difference: Garthwaite v. Bank of Tulare, 134 Cal. 237; Bull v. Bank of Kasson, 123 U. S. 105.

OPINION BY HEAD, J., October 10, 1910:

By the operation of our defalcation act the single record before us really embraces two separate and distinct causes of action. It is conceded that the plaintiff had entered into a written agreement with the defendant for the purchase of a lot of ground and had paid a part of the purchase price prior to the transaction out of which this litigation arises. By the terms of her contract, upon the payment of the balance of the purchase price she was entitled to receive a deed for her lot. On October 16, 1905, she went to the defendant's office to pay this balance, which the parties agree amounted to $740. The verdict of the jury establishes the fact that she actually paid this sum in a manner acceptable to the defendant and received from its representative a receipt in full which entitled her to a deed. The defendant having refused to execute and deliver the deed, the plaintiff elected to rescind the contract and brought this action to recover the money she had paid. In the absence of a legal defense her right to so recover would be clear. To this claim the defendant interposed a single defense of fact, viz., that although the plaintiff admittedly owed $740, she had paid but $640, and that

by a mistake of its representative who received the money, it had been incorrectly counted as $740 and the receipt thus given.

The conflicting testimony of the parties on this disputed question of fact was fairly submitted to the trial jury in a charge, to which, in this respect, there is no complaint, and the appellant now agrees that the verdict of the jury has established that fact against it and therefore that its direct defense to the plaintiff's claim has failed.

It further appears that in making the payment of $740, which the verdict has established she paid, plaintiff gave to the defendant and the latter received a teller's check on the Enterprise National Bank of Pittsburg for $607. This check had been drawn by the teller of that bank a day or two previously to the order of one Margaret Welsh, who had indorsed it and delivered it to the plaintiff. She in turn indorsed it before delivering it to the defendant. The transaction occurred about half past one o'clock P. M. on October 16. In other words, during banking hours of that day. The Enterprise Bank, on which the check was drawn, was at that time open for business and paying all demands properly made upon it. It thus remained open during the entire day of October 17, and until some time after noon of the eighteenth when it was closed by the bank examiner, and never afterwards opened its doors for business. The check in question was never presented for payment until October 19, when of course payment was refused. The check was protested and returned to the defendant. It then demanded from the plaintiff the return of the money called for by the check, but the plaintiff refused to honor this demand because the loss, as she contends, occurred by reason of the failure of the defendant to present the check for payment within a reasonable time after its receipt. In the trial of the case in the court below the defendant undertook to set off the amount of this check against the claim of the plaintiff, and having, as we have seen, first alleged that it was not guilty of any breach of contract for the sale of the lot,

demanded a certificate of balance in its favor for the amount of the check.

Under ordinary conditions it would seem to be well settled that in a case like the present where all of the parties interested in the check, as well as the bank on which it was drawn, are located in the same city, the delay in presenting this check was unreasonable, and the consequent loss ought not to be visited upon the plaintiff: Bank v. Weil, 141 Pa. 457. Whilst the doctrine of that case has been slightly modified in the later cases of Loux & Son v. Fox, 171 Pa. 68, and Willis & Co. v. Finley, 173 Pa. 28, the modification applies only to cases where the transaction occurred after banking hours of the day on which the check was received. In such cases the courts have held that in testing the diligence of the holder of the check in presenting it for payment the day of its receipt after banking hours became practically dies non, and the transaction was to be viewed as if it had occurred at the opening of the following business day.

If the transaction had been in nowise unusual we do not understand the able counsel for the appellant to contend that the doctrine of the cases cited would not apply. He alleges, however, that the defendant's representative who conducted the business mistakenly read the check as calling for the payment of $707 instead of $607. She so testified, and further that the plaintiff had paid in cash but the sum of $43.00 instead of $143, according to the plaintiff's testimony. When at the conclusion of the day's business she undertook to balance her cash she found that the check called for but $607; that she had therefore received $640, and that having by mistake credited the plaintiff with $740, her cash was $100 short. Having discovered this mistake, the check was held and an effort made to find the plaintiff. She could not be located until the morning of the eighteenth, when she insisted that no mistake had been made; that she had paid in $143 in cash, which added to the correct amount of the check amounted to $10.00 more than the final payment on her

lot. The $10.00 surplus was refunded to her and the receipt given to her. The defendant then started the check in the usual course of business, but, as we have already seen, it was not actually presented for payment until the nineteenth, the day after the bank closed. The defendant argues that even though its representative had made a mistake it was an honest mistake of fact and that it was not bound to present the check for payment until the plaintiff could be found and her version of the transaction obtained.

The verdict of the jury, however, has determined that the plaintiff actually paid the necessary amount of cash to bring up the true amount of the check, $607, to the amount of the balance she owed, to wit, $740. If this be regarded as a fixed fact, then the defendant's cash could not have been short, as contended. But in any event, acceding to the defendant's claim that the mistake was an honest one, it nevertheless was a mistake of the defendant. The plaintiff was in nowise at fault. And if the delay in presenting the check can be excused only by the careless mistake of the defendant or its clerk, it is hard to see why the consequent loss should be saddled upon the shoulders of the plaintiff, who was entirely free from fault, to relieve the careless error of another.

Moreover, even if it were honestly believed that the plaintiff had paid in but $43.00 in cash, and as a consequence that she still owed $100 of her purchase money, this would seem to be no reason for holding up the check which she had tendered and which the defendant had accepted as so much cash. Its amount was fixed and could have been at any time abundantly established by incontrovertible records after its presentation and payment as well as before. We are of opinion, therefore, that in this aspect of the case the defendant has shown nothing which ought to relieve it from the consequences of an unreasonable delay in presenting the check for payment.

But it is ingeniously argued that the principles of law we have stated do not apply in this case because the check

was not that of a private depositor drawn on the bank, but was what is known as a teller's check. It is urged that under sec. 185 of the negotiable instruments act, Act of May 16, 1901, P. L. 194, "A check is a bill of exchange drawn on a bank payable on demand;" that sec. 130 of the same act declares, "Where in a bill the drawer and the drawee are the same person, . . . . the holder may treat the instrument at his option either as a bill of exchange or a promissory note." It is argued, therefore, that since the passage of this act the defendant, the holder, had a right to regard that check as a promissory note, and that in such case the delay in presentation was not unreasonable, or at least could not be so declared as matter of law by the court. We are unable to assent to the soundness of this reasoning, or the correctness of the conclusion drawn therefrom. Section 130 of the act referred to is a part of chap. II which treats distinctively of bills of exchange, whereas sec. 185 is a part of chap. III which deals with promissory notes and checks. Although the legislature has seen fit to define a check broadly as a bill of exchange, it would be idle to assert that the difference between checks and bills of exchange is not thoroughly known and understood in the commercial world. For all practical purposes in modern mercantile transactions a teller's check is but a substitute for a certified check and much more closely resembles it than it does a bill of exchange, strictly speaking, and we think it is none the less a check because drawn by an executive officer of the bank upon the institution he serves. In the very next section following the one quoted, viz., in sec. 186, the act declares, "A check must be presented for payment within a reasonable time after its issue." This declaration was doubtless made by the legislature in the light of the decisions of the court which had previously defined what was a reasonable time for the presentation of a check, and we see no reason to conclude that it was the legislative intention to make any change in the law, in this respect, as it had been previously declared.

The claim of the defendant to recoup from the plaintiff

rests upon an alleged breach of her contract of indorsement. That contract remains in essence and substance what it was before the passage of the act referred to. The obligation of an indorser is still as it was, conditional not absolute, and it is one of the conditions on which that obligation rests that the indorsed instrument shall be promptly presented for payment at the time and place fixed therefor and that due notice of its dishonor be at once given.

We are all of the opinion that the record in this case exhibits no reversible error and the assignments are therefore dismissed.

Judgment affirmed.