# Linhart v. Central National Bank of Wilkinsburg, Appellant.

*Banks and banking—Checks—Delay in presentation.*

Where a check is deposited during banking hours, on July 3d, and should have been .forwarded for clearance and collection on July 5th, a holiday intervening, but is not presented on the drawee bank until July 7th, when payment is refused on account of insufficient funds, the bank in which the check was deposited for collection is liable to the owner of the check. The fact is immaterial that the bank in which the check was deposited was in a borough and the collecting and clearing .bank in an adjoining city, if it appears that business was transacted between the two banks by messenger and not by mail, and that the course of business between the two banks was the same as if they had both been in the city.

In such a case it is immaterial that the husband of the owner of the check deposited his note in the bank when notified that the check had been dishonored, if it appears that the wife after having deposited the check, drew her own check against the fund and forwarded it to a distant state, and the note was given to prevent the dishonor of the wife's check.

Argued April 30, 1917. Appeal, No. 163, April T., 1917, by defendant, from order of C. P. Allegheny Co., July T., 1916, No. 73, refusing appeal from judgment of the County Court in case of Blanche D. Linhart v. Central National Bank of Wilkinsburg. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for appeal from judgment of County Court. Before EVANS, J.

From the record it appeared that plaintiff had recovered a judgment against defendant for the amount of a check which defendant through neglect had failed to collect.

The check and its endorsements were as follows:

508    LINHART *v.* CENT. NAT. BANK, Appellant.

Statement of Facts—Assignment of Error.  [67 Pa. Superior Ct.

J. S. & W. S. KUHN

(K)    .                    Incorporated.    No. 21294

INVESTMENT BANKERS.

Pittsburgh, Pa. Jul 3 1913

Pay to the order of Mrs. Blanche D. Linhart..$1006.32

One thousand Six 32/100....................Dollars

To Pittsburgh Bank for Savings

Pittsburgh, Pa.

JAMES K. DUFF,

Treasurer.

Countersigned
    J. G. NORTH,
        *Asst. Treasurer.*


ENDORSEMENTS:

Exhibit 1

11/23/15

E. M.

Mrs. Blanche D. Linhart

Ex No. one

Pay to the order of

Monongahela National Bank,

Pittsburgh, Pa.

All prior endorsements guaranteed

Jul 3 1913

Central National Bank,

Wilkinsburg, Pa.

Paid through Pittsburgh

Clearing House

All prior endorsements guaranteed

Jul 5 1913

Monongahela National Bank


Other facts appear by the opinion of the Superior Court.

*Error assigned* was in refusing appeal.

*James E. Hindman,* for appellant.—We submit that a check deposited in the Central National Bank of Wilkinsburg on July 3, 1913, the Fourth, a legal holiday, the fifth a half holiday and the sixth, Sunday, a presentment by the Central National Bank to the Monongahela National Bank, its correspondent, and by the Monongahela National Bank to the Clearing House Association on Monday morning, July 7th, was a presentment in due course: National State Bank v. Weil, 141 Pa. 457; Loux v. Fox, 171 Pa. 68; Willis v. Finley, 173 Pa. 28; Harvey v. Girard Nat. Bank, 119 Pa. 212; Oil Well Supply Co. v. Exchange Natl. Bank, 131 Pa. 101; Monongahela Nav. Co. v. Wood, 194 Pa. 47; Schoenfeld v. City of Bradford, 16 Pa. Superior Ct. 165; Union Safe Dep. Bank v. Strauch, 20 Pa. Superior Ct. 196; Savings Institution, Etc., v. Folk, 38 Pa. Superior Ct. 54.

Assuming for the sake of argument, that the Central National Bank was liable for the payment of said check, when Chris P. Linhart received the same from the Central National Bank and gave his note to the bank in lieu thereof, he took from it the only evidence of indebtedness upon which the Central National Bank may have made claim against J. S. & W. S. Kuhn, the makers thereof, and Chris P. Linhart is estopped from assuming a position inconsistent with that taken by him when he released the Central National Bank from liability by accepting the check and indicating that he would make collection thereof from the Kuhns: Church v. Winton, 196 Pa. 107; Banks v. Ammon, 27 Pa. 172; Paine v. Monongahela Nat. Bank, Etc., 194 Pa. 405; Austin Mfg. Co. v. Duerr, 19 Pa. Superior Ct. 560; Waters v. Wolf, 2 Pa. Superior Ct. 200.

*J. Roy Dickie,* with him *Wm. W. Wishart,* for appellee.

Opinion by Henderson, J., July 13, 1917:

This appeal arises out of the refusal of the Court of

510    LINHART *v.* CENT. NAT. BANK, Appellant.

·Common Pleas of Allegheny County to allow an appeal from the judgment of the county court in favor of the plaintiff. The case was tried in the latter court without a jury. The findings of fact by the trial judge were supported by the evidence and are sufficient to sustain the judgment. It is conceded that the check deposited by the plaintiff was entered on the books of the bank July 3, 1914, and that it was forwarded or should have been forwarded on the morning of July 5th, a holiday having intervened, to the Monongahela National Bank through which the defendant's business was cleared. It was the custom of the banks to send checks for clearance by messenger and according to the undisputed evidence the check should have been presented during the forenoon of July 5th at which time the drawer of the check had funds in the bank more than sufficient to cover the check. The defendant bank is not located in the City of Pittsburgh but it is a matter of general knowledge that it is within the municipal district and the evidence shows that the business of the bank with its correspondent was not conducted by mail but by messenger and that the course of business was the same as if the bank had been in the city rather than in the adjoining borough. The law applicable in such a case is clearly stated in National State Bank v. Weil, 141 Pa. 457, in which it was held to be the rule that where the parties all reside in the same place the holder should present the check on the day it is received or on the following day. The same subject was considered in Hannon v. Allegheny Bellevue Land Company, 44 Pa. Superior Ct. 266. The cases of Loux and Son v. Fox et al., 171 Pa. 68, and Willis & Co. v. Finley, 173 Pa. 28, cited by the appellant, were cases where the deposits were made after banking hours and the transactions, therefore, entered into the business of the succeeding day and this was in accordance with the custom of banks. But in the appellant's case the court found and the evidence shows that the transaction entered into the business of July 3d and that according to

the custom of the bank the check was sent or should have been sent on Saturday morning to the Monongahela National for clearance and collection. The failure to present the check on July 5th is not accounted for. If the fault lay with the Monongahela National this fact does not relieve the defendant from responsibility to the plaintiff for it undertook the collection and so long as the amount of the check remained to Mrs. Linhart's credit the defendant was the owner of the check and the plaintiff's action was against the defendant rather than against its correspondent: Morris v. First Nat. Bank of Allegheny, 201 Pa. 160.

We are unable to see that the action of the plaintiff's husband in depositing his note in the bank when notified that the check was returned for want of funds affects in any way the defendant's liability. The evidence shows that after the deposit of the check Mrs. Linhart drew her check against the fund and forwarded it to California and it was to prevent the dishonor of this check that the husband gave his note to the bank. There is nothing to show that this was intended to relieve the bank from liability to Mrs. Linhart and the transaction had not that legal effect. The defendant can not avail itself of the plea that the plaintiff retained possession of the check and that it was therefore deprived of a lien thereon or of the means of reimbursing itself, for the credit given Mrs. Linhart by the bank was canceled and the check was delivered to her husband. In so doing the bank disavowed title or right of lien and sought to rescind the transaction. It could not deny to the plaintiff the credit it had allowed and at the same time claim the check. We agree with the Court of Common Pleas that a case is not made out which entitled the defendant to an appeal.

The judgment is affirmed.