(August 2, 1924.)

J. B. BISTLINE, C. D. BISTLINE and JEAN BISTLINE, Copartners, Doing Business Under the Firm Name of BISTLINE LUMBER COMPANY, Respondents, v. C. O. BENTING, Appellant.

[228 Pac. 309.]

BANK CHECK—PRESENTATION FOR PAYMENT—REASONABLE TIME.

1. Where no question of fact is in dispute, the determination of what is reasonable diligence in presenting a check for payment, in order to ·charge the drawer, is one of law for the court.

2. Where a check is received after banking hours, deposited by the payee with his own bank on the next day and presented to the drawee bank or the clearing-house on the following day, the presentment is within a reasonable time as required by C. S., secs. 6053, 6060.

3. Presentment is not required where the drawee bank closes its doors before the expiration of a reasonable time.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action to recover the amount of a check. Judgment for plaintiffs. *Affirmed.*

C. O. Benting, for Appellant.

"Where the holder of the check and the drawee bank are in the same place, the check should be presented before the

close of banking hours of the day after it is issued. If the check is not presented within such time and a loss results thereby, as where the drawee bank fails in the meantime, the drawer is discharged." (Brady, Law of Bank Checks, p. 98, sec. 72; Daniel on Negotiable Instruments, p. 1784; *Lewis v. Montgomery,* 59 W. Va. 75, 52 S. E. 1017, 4 L. R. A., N. S., 132.)

"It is almost a universal rule that if a bank upon which a check is drawn and a holder are in the same place, the check must, in absence of special circumstances, be presented for payment within the banking hours of the day it is received, or the day after it is received, and if the bank fails in the meantime the loss will unquestionably fall on the drawee." (Note, 17 Am. St. 808.)

"A bank check is intended for payment, not circulation, and, as between the original parties, the time allowed for its presentation cannot be enlarged by successive transfers." (Brady, Law of Bank Checks, sec. 72, p. 100; *Gregg v. Beane,* 69 Vt. 22, 37 Atl. 248; *Watt v. Ganz,* 114 Ala. 264, 62 Am. St. 99, 21 So. 1011.)

Presentment of check through clearing-house does not add any time to the period within which presentment is required. (*Rosenblat v. Haberman,* 8 Mo. App. 486; *Holmes v. Roe,* 62 Mich. 189, 28 N. W. 864; *Edmisten v. Herpolsheimer,* 66 Neb. 94, 92 N. W. 138, 59 L. R. A. 934.)

White & Bentley, for Respondents.

"In determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case." (C. S., sec. 6060; *Loux v. Fox,* 171 Pa. St. 68, 33 Atl. 190; *Willis v. Finley,* 173 Pa. St. 28, 34 Atl. 213.)

"The better rule in this regard is announced by the courts of New York and Pennsylvania, which hold that where a check is delivered after banking hours the holder is not bound to present it for payment on the following day, but may deposit it in his bank on such day and a presentment

by such bank through the clearing-house on the second day after its delivery is sufficient.'' (Brady, Law of Bank Checks, p. 104; Whitley on the Law of Bills, Notes and Checks, p. 357.)

Where no question of fact is in dispute the determination of reasonable diligence in presenting a check for payment in order to charge the drawer is one of law for the court. (*Zaloom v. Ganim,* 72 Misc. Rep. 36, 129 N. Y. Supp. 85.)

McCARTHY, C. J.—This action was brought to recover the amount of a check drawn by appellant on the Bannock National Bank, of Pocatello, Idaho, in favor of respondents, which, by reason of the bank's failure, was not paid.

The case was tried before the court without a jury on the following facts stipulated by the parties by their respective counsel: That the plaintiffs are now and at all the times herein mentioned have been copartners doing business under the firm name and style of Bistline Lumber Company at Pocatello, Idaho; that on May, 11, 1921, at 4 o'clock P. M., at Pocatello, Idaho, the defendant made his check in writing, dated on that day, payable to the order of the plaintiffs, which said check is in the sum of $15; that due notice of the nonpayment of the check was given to the defendant and the payment thereof demanded; that the defendant has not paid the same, nor any part thereof, and has refused, and still refuses, to pay the same; that the said check, drawn on the Bannock National Bank on May 11th, was deposited with the First National Bank of Pocatello, Idaho, the bank with which the plaintiffs do their banking business, on May 12, 1921, and on May 13, 1921, presented at the clearing-house in the Commercial Club Rooms for payment by the Bannock National Bank of Pocatello; that on the morning of May 13, 1921, the Bannock National Bank suspended payment and the said check was not accepted by the said Bannock National Bank at the said clearing-house; that the Bannock National Bank was able, ready and willing to pay the check mentioned in the complaint upon presentation at any time during banking hours on May 12, 1921; that the

defendant had ample funds in the Bannock National Bank from which the said check would have been paid if presented at any time before the said bank suspended payment; that the said Bannock National Bank has not paid its depositors any part of the deposit held by the said bank at the time payment was suspended; that C. O. Benting has used due diligence in trying to recover from the said Bannock National Bank his deposit in said bank at the time payment was suspended by the said bank and has recovered nothing from said bank; that if the said check has not been duly presented for payment C. O. Benting has suffered loss to the extent of fifteen dollars; that the Bannock National Bank is just as near to the place of business of the plaintiff and the place where check was received as is the First National Bank; that the check mentioned in the complaint was received by plaintiffs, at Pocatello, after banking hours on May 11, 1921.

The district court found for plaintiffs and entered judgment accordingly, from which the defendant appeals.

The case turns upon the question whether the check was presented for payment within a reasonable time, as required by C. S., secs 6053 and 6060, which read as follows:

"Sec. 6053. A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

"Sec. 6060. In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

"Where no question of fact is in dispute, the determination of what is reasonable diligence in presenting a check for payment, in order to charge the drawer, is one of law for the court." (*Zaloom v. Ganim,* 72 Misc. Rep. 36, 129 N. Y. Supp. 85. See, also, *Loux v. Fox,* 171 Pa. St. 68, 33 Atl. 190.)

Appellant contends that, in order to be presented within a reasonable time, when the holder of the check and the drawee bank are in the same city, the check must be presented before the close of banking hours of the day after it is received. (2 Daniel on Neg. Instruments, sec. 1590, p. 1784.) He contends that, since the check was received on May 11th, due diligence required it to be presented for payment on May 12th. It will be noticed that the check was received on May 11th after banking hours, and could not have been presented on that day. It has been held that, when a check has been received after banking hours, deposited by the payee with his own bank on the next day, and presented by that bank to the drawee bank or the clearing-house on the following day, the presentment is within a reasonable time as required by the statute. (*Loux v. Fox,* supra; *Willis v. Finley,* 173 Pa. St. 28, 34 Atl. 213; *Zaloom v. Ganim,* supra. Contra: *Edmisten v. Herpolsheimer,* 66 Neb. 94, 92 N. W. 138, 59 L. R. A. 934, but see dissenting opinion.) We approve the above rule which properly recognizes the general business custom of depositing checks in the payee's bank for collection instead of presenting them in person to the drawee bank. Since no deposit or presentment can be made after banking hours, the day the check is received should not be counted if it is received after banking hours. Applying the above rule to the facts of this case, we conclude that the district court did not err in finding that the presentment was within a reasonable time.

Appellant also contends the stipulation does not show that the clearing-house was the agent of the drawee bank and that presentment to it therefore constituted presentment to that bank. The stipulation is silent as to this matter. But presentment is not required where the drawee bank closes its doors before the expiration of a reasonable time. Under such circumstances presentment would be an idle, useless act, and this the law never requires. The drawee bank suspended payment on the morning of May 13th, before the expiration of a reasonable time for presentment. Therefore presentment was unnecessary in order to hold the

drawer, and a defect in method or place of presentment becomes immaterial. We have examined the other specifications of error and conclude they are not well taken.

The judgment is affirmed, with costs to respondents.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.