(No. 5277.   September 30, 1929.)

CECIL C. CLARKE, Doing Business Under the Firm Name and Style of CLARKE FUEL & ICE COMPANY, Appellant, v. RALPH R. DAVIS, Administrator of the Estate of MABEL WILTAMUTH, Deceased, Respondent.

[281 Pac. 3.]

A. S. Dickinson, for Appellant.

F. J. Cowen, for Respondent.

WM. E. LEE, J.—This action was instituted to recover the purchase price of a quantity of coal. The coal was sold to Mrs. Wiltamuth, who gave her check therefor on D. W. Standrod & Co., Bankers. Before the check reached the Standrod bank it had closed its doors. To a complaint, alleging the foregoing, an answer was filed which raised the question whether appellant presented the check for payment within a reasonable time after its receipt. The check was dated November 24, 1923; it was deposited in the First National Bank of Blackfoot, the bank with which appellant transacted his banking business, on November 28, 1923. The banks, according to custom in Blackfoot, "cleared," at 10

o'clock in the morning of each business day, the transactions of the previous business day. The 29th of November, 1923, was Thanksgiving Day, and D. W. Standrod & Co. failed to open its doors thereafter. Mrs. Wiltamuth had sufficient funds to her credit and there was sufficient money in the Standrod bank that the check would have been paid had it been presented prior to the closing of the bank.

A check, received in due course of business after banking hours, deposited on the following day by the holder in his own bank, and presented on the next business day thereafter to the drawee bank, is presented within a reasonable time. (*Bistline v. Benting*, 39 Ida. 534, 228 Pac. 309.) And presentment to the drawee bank is not required where it has closed its doors prior to the expiration of a reasonable time therefor. (*Bistline* v. *Benting, supra.*)

It follows, therefore, that whether appellant was negligent in the presentation of the check depends wholly on when he got the check. The only testimony on this important point was by appellant himself, who testified that he received the check after banking hours on November 27th. That other checks, issued by Mrs. Wiltamuth, bearing the same date, were presented to and paid by Standrod & Co., is hardly a circumstance tending to show when the check in question was received by appellant, and whether he presented it within a reasonable time. The contention that the complaint alleged the delivery of the check to appellant on November 24th is without merit. There is no substantial conflict in the evidence. As the record stands, appellant received the check on the 27th, after banking hours; he deposited the check in the First National Bank on the 28th, and the First National Bank was unable to present the check to Standrod & Co., by reason of its failure. The evidence is insufficient to sustain the verdict on which the judgment is based. On the contrary, the record shows that there was no negligence in presenting the check for payment.

No good reason is apparent why there should be a new trial. The judgment is accordingly reversed and the cause

is remanded, with instructions to make and enter judgment for appellant, according to the prayer of his complaint.

Costs to appellant.

Budge, C. J., and Givens, T. Bailey Lee and Varian, JJ., concur.