# Wendkos *v.* Scranton Life Insurance Company, Appellant.

Argued January 6, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*William J. Fitzgerald,* with him *W. Heyward Myers, Jr.,* and *Morgan, Lewis & Bockius,* for appellant.

*Bernard G. Segal,* with him *Joseph S. Lord, III,* and *Schnader & Lewis,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, January 31, 1941:

We are here concerned with the time within which the drawee of a check must present it for payment.

The suit is by the beneficiary in a life insurance policy against the company which issued it, denial being made that the policy was in force owing to failure to pay the premium when it became due.

The policy for $5,000 was issued October 3, 1927, to Louis M. Wendkos, payable upon his death to plaintiff. Premiums were paid up to October 3, 1937, on which date the insured gave to defendant a premium note for $159.91 to secure the payment of the semi-annual premium then falling due. Under an arrangement, the insured paid monthly installments of $25 on the note and the company extended the maturity of the note for

one month after each payment. It was provided in the note that, in the event of failure to pay it at maturity, the policy should become void.

A $25 monthly installment on the note fell due on Sunday, April 3, 1938. On Saturday, April 2, 1938, the insured mailed to defendant, at its office in Philadelphia, his employer's check for the sum named. The check was drawn on a bank not a member of the Clearing House. The check was good when drawn and so remained until 1 o'clock on Wednesday, April 6, 1938, at which time the receiver in bankruptcy for the employer withdrew all funds belonging to it from the bank.

Defendant received the check on the morning of Monday, April 4th, and deposited it in The Philadelphia National Bank, a Clearing House bank, on Tuesday, April 5th. It is the custom of banks in Philadelphia, who are members of the Clearing House, to clear checks drawn on banks not members, by forwarding them to the Federal Reserve Bank for collection on the business day following receipt and for the Reserve Bank to present such check to nonmember banks for payment during the day it receives them. Following this custom, the check in question was forwarded by the deposit bank to the Reserve Bank on April 6th, and on presentation to the drawee bank, at about 2 p. m. on that day, payment was refused, because the receiver of the drawer had withdrawn all of its funds about an hour before.

On April 8th, defendant notified the insured that the check had not been paid and that the policy had lapsed for nonpayment but that it could be reinstated upon proof of insurability. A tender of the premium in cash was made by him, but was refused because of a failure to establish insurability. He died October 30, 1938. This suit was brought, which resulted in a judgment in plaintiff's favor for $3,086.58, the amount due on the policy, on the ground that the check operated as payment of the note due April 3, 1938, in consequence of which defendant could not avoid payment of the policy.

Defendant contends that the check was presented for payment within a reasonable time after its receipt. We think this position not maintainable under our past rulings, to which we adhere. Defendant received the check on the morning of April 4th. It did nothing on that day to put it in process of collection. While deposit of it was made on the following day, April 5th, presentment for payment did not take place until the afternoon of the third day, April 6th, when it was dishonored.

For more than half a century the rule has been that while a creditor's acceptance of a check constitutes only a conditional payment, dependent on the check finally being honored, the payee owes to the drawer the duty to act with strict diligence in presenting it for payment. Where all the parties, as here, are in the same city diligence requires that the check be presented for payment on the day of its receipt or on the following day: *Kilpatrick v. Home B. & L. Assn.*, 119 Pa. 30, 12 A. 754; *National State Bank v. Weil*, 141 Pa. 457, 21 A. 661; *Integrity Trust Co. v. Lehigh Ave. Business Men's B. & L. Assn.*, 273 Pa. 46, 116 A. 539; *Hannon v. Allegheny Bellevue Land Co.*, 44 Pa. Superior Ct. 266; *Wessel v. Montgomery, Scott & Co.*, 106 Pa. Superior Ct. 341, 163 A. 347. Nothing said in *Loux & Son v. Fox*, 171 Pa. 68, 33 A. 190, has modified this rule. That case simply held that the day of receipt is not to be counted when the check was received after banking hours. The fact that the check was that of a third party does not alter the rule: *Kilpatrick v. Home B. & L. Assn.*, supra; *Hannon v. Allegheny Bellevue Land Co.*, supra; *Wessel v. Montgomery, Scott & Co.*, supra.

The decision of the court below was correct.

Judgment affirmed.