Opinion by
 

 Ross, J.,
 

 This is an assumpsit action to recover the balance of the purchase price of an automobile sold by the plaintiff to the defendant on or about December 20, 1944. The purchase price was $1150.00 and at the time of the sale the defendant paid $900.00 and gave “a check dated January 2, 1945, drawn on the Kensington National Bank, and payable April 2, 1945, in the sum of $250.00, covering the balance due”. This action was brought to recover the “balance due”, $250.00, and the case was tried by the court without a jury. The trial judge found for the plaintiff, exceptions to his finding were dismissed by the court en banc, and the defendant took this appeal.
 

 It is admitted that the check was never presented for payment because the plaintiff “assumed it to be a note”. Section 186 of the Negotiable Instruments Law, 1901 P. L. 194, 56 PS 474, provides: “A check must be
 
 *118
 
 presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay”. Defendant’s first contention is that the check was payment of the balance due because it was not presented for payment “within a reasonable time” and in support of his contention cites
 
 Wendkos v. Scranton Life Insurance Co.,
 
 340 Pa. 550, 17 A. 2d 895. The
 
 Wendlcos
 
 case was a suit by the beneficiary in a life insurance policy against the company which issued it, denial being made that the policy was in force, owing to failure to pay the premium when it became due. The question involved was whether a check sent in payment of the premium was presented within a reasonable time after its receipt by the payee. The Supreme Court held that it had not been and that, therefore, in law the check was payment.
 

 In that case the loss of the value of the life insurance policy would have resulted from the failure of the payee to present the check within a reasonable time. In this case the defendant suffered no loss by the failure of the plaintiff to present the check for payment and he does not contend otherwise. Consequently, neither the
 
 Wendlcos
 
 case nor Section 186 of the Act supports defendant’s contention, and it is without merit.
 

 The defendant’s second contention involves the certificate of title to the automobile. A witness for the plaintiff testified as follows: “Q. What is your connection with the Scott-Smith Cadillac Company? A. Treasurer. Q. Do you know anything about this transaction? A. Yes sir, I do. Q. Now, what about this check for $250 balance due on the sale of the automobile? A. At the time this car was purchased by Mr. Rajeski the sales department asked if it would be all right to carry a balance of $250. I said, ‘Certainly’, knowing Rajeski. . . . Q. When your company passes title to the automobile who signs the title certificate for your company? A. The sales manager. Q. Do you know what happened
 
 *119
 
 to the certificate in this instance? A. Yes, Ido. Q. What happened? A. After several months had gone by the clerk from the sales department came to me and wanted to know what to do with the title of the Rajeski car, if it had been paid. ... I said, ‘Give him the title. I know the man. He will pay it.’ We are not in the financial business. We do not finance automobiles. This was an accommodation. . . . Q. Did the title show any encumbrance on it? A. No. There was no encumbrance placed upon it. Q. All right. Now, without any more than that you told her to give Mr. Rajeski the title? A. Yes sir. Q. And the account was open at the time? A. Yes sir. Q. And not paid. A. Not paid.”
 

 Notwithstanding this testimony, the defendant contends that from the voluntary delivery of a clear (no encumbrance listed) certificate of title, payment of the balance of the purchase price is “conclusively presumed”. This contention is without merit. The voluntary delivery of a clear certificate of title might be some evidence to be considered by a fact-finder in the determination of a question of payment but certainly it raises no presumption of law that payment of the purchase price of an automobile has been made.
 

 From our examination of the record it is our opinion • that there is only one issue involved in this case and that is whether the balance of the purchase price of the car had been paid. According to the plaintiff’s testimony it had not, and according to the defendant’s testimony it had. This conflicting testimony raising the factual issue of payment was decided in favor of the plaintiff by the trial judge as fact-finder and since there is evidence to support his finding, it is conclusive.
 
 Perletto v. Lancaster Ave. Bldg. & Loan
 
 Assn., 353 Pa. 366, 45 A. 2d 10;
 
 Jann v. Linton’s Lunch,
 
 150 Pa. Superior Ct. 653, 29 A. 2d 219.
 

 Judgment affirmed.