## Donnel *et al. versus* Bellas.

In order to divest the owner's title, by a sale of the land, as unseated, for taxes, it is necessary that the amount of the taxes and costs should be paid by the purchaser, and the deed delivered to him, during the treasurer's term of office. The treasurer, after the expiration of his official term, has no authority to receive payment, or to deliver the deed, although previously acknowledged.

The treasurer has no right to accept the purchaser's promissory note for the amount of taxes and costs; it must be paid in cash.

Donnel *v.* Bellas, 10 *Barr* 341, s. c. 1 *Jones* 341, affirmed.

ERROR to the Common Pleas of *Northumberland county*.

This was an ejectment by Henry Donnel and others against Hugh Bellas, for a tract of 306 acres of land in Coal township, surveyed on a warrant to William Green. The case was before this court on a former ejectment between the same parties, and is reported in 10 *Barr* 341, and 1 *Jones* 341.

The plaintiffs claimed title under a treasurer's sale of the land for taxes. On the 16th June 1824, Edward Staples, under whom the plaintiffs claimed title, purchased fifteen tracts of land, including the premises in question, at a treasurer's sale, paid about $34, part of the purchase-money, and gave his note to George Weiser, the treasurer, for the balance; under an agreement that the treasurer should acknowledge the deeds, which were to be called for by Staples or his brother. The amount of taxes due on the fifteen tracts sold was $87.68; and the total amount of the purchase-money was $129.60. Weiser made and acknowledged the deed at the following August term, and went out of office in January 1825, without having received the balance of the purchase-money or delivered the deeds.

At the time Weiser went out of office, he settled with the county, before the auditors, for all moneys received by him belonging to the county; but whether or not he was charged with the taxes on the tracts sold to Staples, did not appear from the evidence.

Weiser retained the deed for the tract in question, and Staples's note, in his possession, until February 1829; when Charles Witman, the administrator of the former owner, called on him, paid the amount of the bid, and received the deed.

Henry Donnel, who was jointly interested with Staples in the purchase of these lands, died in 1826; and his son Charles G.

[*Donnel et al. v.* Bellas.]

Donnel, the ancestor of the plaintiffs, procured a power of attorney from Staples to receive the treasurer's deeds. In August 1829, he paid Weiser the amount of Staples's note and interest, and took it up. And in October 1829, Staples executed to him a deed for the tract in question.

The defendant claimed title under William Witman, the original owner at the time of the treasurer's sale.

The court below (PEARSON, P. J.), in answer to numerous points presented by both parties, instructed the jury, that the sale on credit was in contravention of the Act of Assembly; that the delivery of the deed was necessary to vest a title in the purchaser; that if the administrator of the former owner paid the amount of the bid, and received from the treasurer this irregular deed, which had never been delivered to the purchaser, he had a right to stand on his original title; and that the purchaser acquired no title to the land, unless the treasurer was willing to give him credit for the bid, and hold the title for him, and in pursuance thereof actually paid the taxes due on the land, into the county treasury, at the settlement of his accounts.

To this charge, the plaintiffs excepted; and a verdict and judgment having been rendered for the defendant, they removed the cause to this court, and here assigned the same for error.

*Miller, Comly,* and *Hughes,* for the plaintiffs in error.—The purchaser was not bound to pay the purchase-money until after the deed was executed, acknowledged, and tendered; and even then no right to avoid the sale for non-payment existed. He acquires an interest by his bid, and is bound by it: Hartman *v.* Stahl, 2 *Penn. R.* 223; Robins *v.* Bellas, 2 *Watts* 359; Young's Appeal, 2 *Penn. R.* 380; Smith *v.* Painter, 5 *S. & R.* 223; Friedly *v.* Scheetz, 9 *Id.* 156; Bashore *v.* Whisler, 3 *Watts* 490; Fox *v.* Mensch, 3 *W. & S.* 444; Fulton *v.* Moore, 1 *Casey* 479.

It is clear, that an action may be maintained against the purchaser for the purchase-money; he cannot protect himself under the statute of frauds: King *v.* Gunnison, 4 *Barr* 171; Kennedy's Appeal, *Id.* 149. And there must be *mutuality* of obligation in such cases: Bashore *v.* Whisler, 3 *Watts* 494; Hartman *v.* Stahl, 2 *Penn. R.* 231. In the case of a sheriff's sale, the owner's title is divested by the acknowledgment of the deed, without delivery of it: Morrison *v.* Wurtz, 7 *Watts* 437; Young's Appeal, 2 *Penn. R.* 380; Stoever *v.* Rice, 3 *Wh.* 21.

If it was necessary to the validity of Staples's title, that Weiser should have accounted to the county for the taxes, then the presumption that he did perform his duty in this respect is conclusive, especially after the lapse of more than twenty years before eject-ment brought against the vendee of Staples: Weeks *v.* Haas, 3 *W. & S.* 525; Hartwell *v.* Root, 19 *Johns.* 345; *Phillips's Ev.*

[Donnel *et al.* *v.* Bellas.]

151; Hartman *v.* Stahl, 2 *Penn. R.* 231; Clapp *v.* Bromagham, 9 *Cow.* 530; *Buller's Nisi Prius* 151.

The opinion of the court was delivered by

WOODWARD, J.—It was Witman's duty, as owner of the "William Green tract," to pay the taxes upon it, but his failure to do so could work a divesture of title only by means of a treasurer's sale. Was there a treasurer's sale? What constitutes such a sale?

Under the Acts of Assembly relative to the sale of unseated lands for taxes, the treasurer is to advertise the lands—to expose them to sale by public outcry—to receive, "as soon as the property is struck down," as much of the purchase-money as will discharge the taxes and costs—to make a deed—to acknowledge and deliver it. And if there be a surplus of money above taxes and costs, he is to take a bond for this from the purchaser.

Nothing short of such a sale will divest titles. The language of the Act of 13th March 1817 is very express, as to the payment down of the taxes and costs, but it is not to be so strictly construed as to require the treasurer to stop the sales to settle with each purchaser on the spot. No construction of it, however, can be so loose as to justify the treasurer in postponing payment till he is out of office, or in accepting anything else than cash for the taxes and costs. And so with the deed, however it is delayed, it must be delivered during the official term; for delivery of all deeds is essential to their validity, and there can be no delivery, no more than any other official act, after the official existence has terminated.

Now it is very remarkable in this case, that Witman's title should be considered divested by a treasurer's sale, in which no purchase-money was paid, and no deed delivered, whilst Treasurer Weiser was in office. But what is still more remarkable, is the fact, that the first money received by Weiser on the sale of this tract, nearly five years after it was struck off to Staples, was paid by Witman himself, and the deed prepared for Staples was delivered to him. Witman thus wiped out all the old scores between himself and Weiser, and extinguished the Staples deed, by taking it to himself, before Staples or Donnel appeared to complete the purchase.

It would be the most extraordinary tax-title on record, this of Staples's, if without payment of purchase-money, and without a deed, he could hold the land against the original owner who paid the assessments.

It cannot be. There was no such sale as divests titles.

It is not material to say so, but it may be added, that the note which Staples gave to Treasurer Weiser, wholly unwarranted by law, was not payment. If the note had been lawfully received, the general rule is, that notes and checks are payment of prece-

[Donnel *et al. v.* Bellas.]

dent debts only if, or when, paid. Had Weiser, on the faith of the note, paid over the money to the county, there would be some ground for claiming the note as payment of the bid; but the verdict decides that he did not pay over the money. The probability is, that the taxes are lost to the county, but that cannot help the Staples title.

The fact is, he acquired no rights by all that was done, because more was not done—and, of course, Donnel took nothing by Staples's deed to him.

These general views are enough for this case, which was fully examined in all its details and correctly decided in this court ten years ago: 10 *Barr* 341, and 1 *Jones* 341.

The judgment is affirmed.