THURMAN, formerly Collector of Internal Revenue, v. STUDEBAKER CORPORATION.

No. 5874.

Circuit Court of Appeals, Seventh Circuit.

March 23, 1937.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and M. H. Eustace, Sp. Assts. to the Atty. Gen., and Val Nolan, U. S. Atty., and B. Howard Caughran, Asst. U. S. Atty., both of Indianapolis, Ind., for appellant.

Charles O. Roemler, of Indianapolis, Ind., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

This is an appeal from a judgment for $34,313.05 as a refund for overpayment of income taxes for the taxable year 1921. Appellant contends that judgment should have gone against appellee, first, because there was no overpayment, and, second, if there was, it was wiped out by a set-off of a liability for income taxes arising out of other transactions, recovery of which was barred by the statutes of limitation but set-off of which is authorized by the federal statutes. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293.

To support the judgment, appellee relies upon an overpayment of taxes under its so-called "partnership plan," whereby it agreed with its employees who had been in its services for three months or more that they might have common or preferred stock allotted to them from the treasury or purchased for them by the corporation in amounts limited each year to 20 per cent. of their earnings and to $400 at the market value. Appellee agreed to pay 50 per cent. of the cost of the stock, if employee was not in default, by crediting the latter's account every three months with one-sixteenth of the said one-half of the cost. The employee was charged interest at 4 per cent. upon the unpaid balance and all dividends declared were credited to the stock purchase account of the employee. The excess of dividend credits over interest was applied in reduction in the amount of the balance.

Employees who withdrew might pay the balance due on the purchase price of the stock and receive certificates or authorize sale of stock held for them at the prevailing market price and receive in cash the difference between such amount and the balance due on the purchase price. The estate of a deceased employee had the same rights. Upon completion of payment in the manner aforesaid, certificates were delivered to the employees, who were not allowed to transfer the same before final payment.

The taxpayer kept its books and made its return on an accrual basis and actually credited to the employees dividends as declared and the amounts agreed to be paid by appellee. This contract was made with, and its benefits were extended only to, employees of appellee, clearly as a reward in the way of additional compensation for the services rendered by the employees to appellee, and the latter deducted as an expense of the operation of its business, as additional compensation paid the employees, the amounts thus contributed to them. Subsequent to the return for 1921 the Commissioner levied an additional tax, upon the ground that the deduction was wrongfully made. Appellee made the payment, brought this suit, and recovered.

Section 234 of the Revenue Act of 1921 (42 Stat. 254) provides that in computing the net income of a corporation there shall be allowable as deductions: "(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

Article 107 of Regulations 45, promulgated January 28, 1921, provides that bonuses to employees shall be considered, when paid in good faith, as additional compensation for services actually rendered by employees, provided they do not exceed a

reasonable compensation. Subsequently, the Department ruled, in Office Decision No. 763, Cumulative Bulletin 4, page 76, that where a corporation permits its employees to purchase stock, retaining title until the purchase price is fully paid, so-called dividends credited to the account of the employee purchasing the stock as part payment shall be treated as additional compensation to the employees and taxable as such, and that any sums paid by the employer upon account of purchases of stock by employees shall be treated as additional compensation. To the same effect were other later decisions of the Department.

Thus, in administration of the law, that branch of the government charged with its enforcement and with collection of revenue has by its regulations and decisions put a practical interpretation upon the statute reflecting the same reasoning and sustaining the same conclusions as those of the District Court. This should justify the judgment unless such interpretation is at variance with the law.

Where a taxpayer's books are kept on an accrual basis, the expenses paid or incurred, properly charged upon the books of the taxpayer and properly attributable to the process of earning income during the period covered by the return, must be deducted in that period, in order to reflect the true income of the taxpayer. United States v. Anderson (United States v. Yale & Towne Mfg. Co.), 269 U.S. 422, 46 S.Ct. 131, 134, 70 L.Ed. 347; American National Co. v. United States, 274 U.S. 99, 47 S.Ct. 520, 71 L.Ed. 946. In the first mentioned case, certain taxes accrued in the year 1916 but could not be determined until the following year, at which time the exact amount became evident. The taxpayer, though it entered a reserve for the taxes in 1916, made the deduction in 1917 when the taxes were fixed and paid. The books having been kept on an accrual basis, the Supreme Court ruled that the deduction should be made in the year 1916, as the expense was properly allocable to the income realized that year. The court said the accrual system was approved "to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period; and indeed, to require the tax return to be made on that basis, if the tax-payer failed or was unable to make the return on a strict receipts and disbursements basis. The appellee's true income for the year 1916 could not have been determined without deducting from its gross income for the year the total cost and expenses attributable to the production of that income during the year. The reserve for munitions taxes set up on its books for 1916 must have been deducted from receivables for munitions sold in that year before the net results of the operations for the year could be ascertained."

In Alger-Sullivan Lumber Co. v. Commissioner of Internal Revenue (C.C.A.) 57 F.(2d) 3, the taxpayer sold shares of its stock to four employees under a plan similar to that here presented. Certain credits to the employees were entered by the company because of dividends and other items. It deducted the market value of the stock, as additional compensation. The court approved the deduction, holding that the transaction was not a sale; that the credits were made to the employees in good faith as additional compensation; and that the company was entitled to the deduction claimed. The court, however, did not pass upon the question of when the deduction should be made.

Under the reasoning of the Supreme Court, the credits made by this corporation to the employees and entered upon the books at the time were clearly additional compensation to the employees. The books being kept on an accrual basis and this additional compensation being one of the expenses of the operation, during the period for which it was allowed, it was proper that such additional compensation should be treated as a deductible expense for that period. To have waited until the stock was fully paid for would have been to allocate expenses in the form of additional compensation due employees to a period, in some instances, four years removed from the time the services for which the compensation was paid were rendered. This Judge Baltzell held was not a proper method, and we agree.

Appellant cites three cases upon which he relies to support a contrary reasoning. In Hudson Motor Car Co. v. United States (Ct.Cl.) 3 F.Supp. 834, the court had before it a situation where stock was set aside for issuance to employees when the cash dividends equaled the par value. Eventually the dividends equaled this value and the certificates were issued. The em-

ployer attempted to deduct the market value of the stock in the year it was issued. The Commissioner contended that the transaction was a sale of stock and not additional compensation, and therefore not deductible. The court held, against appellant's present contention, that the dividends credited on the purchase price were additional compensation and deductible as such.

The court held further that the deduction was allowable at the time of issuance of certificates. With this branch of the decision we disagree. Under the reasoning of the Supreme Court in United States v. Yale & Towne Mfg. Co., supra, the employer being on an accrual basis, the deductions could be taken properly only in the years the additional compensation was earned by the employees, credit for which they then received.

Gardner-Denver Co. v. Commissioner, 75 F.(2d) 38, was decided by this court. There the employer contracted with employees to sell them stock at substantially the market value, to be paid for with interest in monthly payments in cash and by the application of such dividends as were declared over a period of five years, whereupon the certificates were to be delivered. When the time for sale arrived, the market value had increased $432,000 over the selling price. The "employer attempted to deduct the difference between the market value and the price at which it sold to its employees upon the theory that such difference represented a deductible expense. This court found that the deduction constituting "subsequent increment in value" represented no deductible outlay or expense, and held further that credits extended employees in prior years were not deductible in later years when the contracts matured. Furthermore, the facts in that case were such that it was deemed that the transaction amounted to sale of stock rather than to additional compensation.

Schaefer v. Bowers, 50 F.(2d) 689 (C. C.A.2), had to do with the tax upon the employee's income and does not touch the question at issue.

The amounts deducted, having represented, as they did, additional compensation charged as an expense against the employer and credited to the employee as the services were rendered, and the books having been kept on an accrual basis, appellee was entitled to the deduction and to recover the overpayment of taxes assessed.

■ Appellant insists further, however, that if appellee was entitled to recovery, appellant had a right to set off against the right a liability for additional taxes properly assessable against appellee for the year 1921, collection of which was barred by the statute of limitation. In this respect appellant relies upon the proposition that no recovery for refund may be had where it appears that the taxpayer is indebted to the United States for additional taxes. Such is the rule. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293. It becomes necessary then to determine whether any additional tax was due from appellee because of other transactions.

■ Appellant's contention in this respect arises out of two similar contracts that appellee had, one with its branch managers under a so-called branch managers' compensation and bonus plan, and the other with its managing officers under its bonus plan for management. The essential intent of each of these contracts was the same as that with the employees. The allowances made under each of them constituted additional compensation. In each of the years 1920 and 1921 the credits of the appellee to its managing officers for additional compensation aggregated over $250,000. These items were charged to expense, credited to the officers upon their contracts, and taken as deductions in computing taxable net income for those years. Under its arrangement with the branch managers, appellee credited to them and charged to expense as additional compensation, in the year 1920, $17,000, and in 1921, $28,000. The plain purport of each of the three contracts was to further a general plan of appellee to permit its executive officers, branch managers, and employees to share in such profits as might accrue in the business operation of appellee, manufacturing and selling automobiles, by distributing to them as additional compensation the sums agreed upon. The testimony supports only a finding that this was a well-considered, well-developed policy of industrial operation and management carried into practical execution, in accord with the meaning and intent of the regulations of the Revenue Department hereinbefore referred to, with the policy of administration of the revenue laws for a number of years and with the reasoning of the Supreme Court in the cases mentioned. The deductions of the amounts credited, because of the contracts and because appellee was on the accrual basis, were, as in the

case of the employees, properly deductible as expense and no additional tax, therefore, was due.

The judgment of the District Court is affirmed.