ESTATE of Eli B. WITT, Deceased, by D. H. Woodbery and Arthur Cross, Sr., as surviving Co-Executors under the Last Will and Testament of Eli B. Witt, Deceased, Plaintiff,

v.

John L. FAHS, Formerly Collector of Internal Revenue for the District of Florida, Defendant.

Civ. No. 2631.

United States District Court
S. D. Florida,
Tampa Division.
March 21, 1956.

Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiff.

Charles Mehaffy, Department of Justice, Washington, D. C., Richard Kelly, Asst. U. S. Atty., Tampa, Fla., for defendant.

WHITEHURST, District Judge.

This cause coming on to be heard upon a Stipulation of Facts, and the Court being otherwise fully advised in the premises, the Court finds the facts to be as stipulated and to include the following:

### I—Findings of Fact

(1) The plaintiff is the Estate of Eli B. Witt, deceased, who died in 1947, a resident of the State of Florida; the defendant was the Collector of Internal Revenue for the District of Florida prior to and during the calendar years 1946 through 1951, inclusive, and until October 23, 1952.

(2) On December 31, 1946, the Eli Witt Cigar Company was a wholly owned subsidiary of Hav-A-Tampa Cigar Co., and Eli B. Witt owned a majority of the stock of the latter corporation.

(3) On December 31, 1946, one G. A. Patterson, the cashier of the Eli Witt Cigar Company, pursuant to instructions, drew a check of Eli Witt Cigar Company in the amount of $40,000 to St. Joseph's Infirmary, Atlanta, Georgia, and delivered that check to Miss Rose Brooks, a secretary employed by the Eli Witt Cigar Company.

(4) On the same day Miss Rose Brooks, pursuant to instructions from Eli B. Witt, prepared a letter of transmittal and enclosed it, together with the $40,000 check, in an Air Mail, Special Delivery envelope addressed to Dr. Mason I. Lowance, who is identified for the purposes of this suit as Chief of the Medical Staff and a member of the Board of Governors of St. Joseph's Infirmary and a member of the Building Campaign Executive Committee of that institution. This envelope was delivered to the United States mails December 31, 1946.

(5) Eli Witt Cigar Company, the corporation issuing the check, carried in its accounts a balance due to Eli B. Witt

and the check was charged against that account as of December 31, 1946.

(6) The check and letter of transmittal were duly transmitted in the United States mails to Dr. Mason I. Lowance, who, in turn, delivered the check to St. Joseph's Infirmary on January 4, 1947; the check was deposited to the account of St. Joseph's Infirmary in The Trust Company of Georgia, Atlanta, Georgia, and was duly paid on clearing by the bank on which it was drawn.

(7) St. Joseph's Infirmary was at all times pertinent to this controversy an organization of the character contemplated and referred to in Section 23(*o*) (2) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(*o*)(2), so that gifts to that organization were deductible for Federal Income Tax purposes.

(8) Within the time prescribed by law, the now deceased taxpayer duly filed an income tax return for the taxable year 1946, in which he took a deduction under Section 23(*o*) in the amount of $40,000 because of the above-described gift to St. Joseph's Infirmary.

(9) The Commissioner of Internal Revenue refused to allow the $40,000 gift and determined that there was a deficiency in income tax for the deceased taxpayer's calendar year 1946, and that there was, therefore, a deficiency due from the estate of the deceased taxpayer in the amount of $34,580. On January 7, 1952, there was paid by the estate of the deceased taxpayer, plaintiff herein, the amount of that deficiency, and on March 25, 1952, there was paid an additional amount of $9,957.62 representing interest thereon. Both payments were made to the defendant as the then Collector of Internal Revenue for the District of Florida. Assessments were appropriately made in these amounts.

(10) On or about the 30th day of December, 1952, the plaintiff filed with the Director of Internal Revenue for the District of Florida its claim for refund in the amount of $44,537.62, together with interest thereon as permitted by law, which was subsequently disallowed.

(11) There is probable cause for the acts done by the defendant, John L. Fahs, as Collector of Internal Revenue, acting pursuant to the orders and directions of the Commissioner of Internal Revenue.

(12) If the Court should determine that the $40,000 is an allowable deduction for the taxable year ended December 31, 1946, the parties hereto will endeavor to arrive at an appropriate calculation of the tax and interest to be refunded.

II—Conclusions of Law

It is settled law that delivery of a check which is subsequently paid on presentment constitutes payment within the meaning of Section 23(*o*) of the Internal Revenue Code of 1939, as amended, as of the date of delivery. Estate of Modie J. Spiegel, 12 T.C. 524. It is further established that delivery to the agent of the donee is a sufficient delivery to constitute such payment. Estelle Broussard, 16 T.C. 23.

The Court is of the opinion that by both legal theory and business usage the United States mail is, at once, the transmitting agent of the sender and the receiving agent of the recipient, and that, subject to certain conditions subsequent, the date of proper posting in a United States post office of a check properly addressed to the recipient or donee is the date of payment within the meaning of Section 23(*o*) of the Internal Revenue Code of 1939, as amended.

By reason of the probable cause for the acts of the defendant or other officials of the Treasury Department, it is found by the Court that the judgment to be entered herein, upon becoming final, shall be provided for and paid out of the proper appropriation from the Treasury of the United States.

The parties hereto have stipulated that they will endeavor to arrive at an appropriate calculation of tax and interest to be refunded. It is, therefore,

Ordered that such a stipulation be filed with the Court within 20 days of the date of this Order, or reason therefor shown. On the filing of such stipula-

524

tion, the Clerk is directed forthwith to enter judgment for the plaintiff and against the defendant in the amount so stipulated to be refunded, together with interest thereon at 6% from dates of payment by the plaintiff, as provided by law, and costs.