E. Stanley RICHARDSON, Rommel Wilson and George M. Clarke, Executors of the Estate of Gertrude Rommel Wilson, Deceased,

v.

Francis R. SMITH, Individually and as former Collector of Internal Revenue for the First District of Pennsylvania.

Civ. A. No. 17122.

United States District Court
E. D. Pennsylvania.

July 28, 1961.

Logan Morris, Joseph J. Pugh, John C. Noonan, Philadelphia, Pa., for plaintiff.

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., for defendant.

GRIM, District Judge.

This is an action on a claim for refund of federal estate tax. The question now before the court is whether the claim was asserted too late. The applicable statutory provision is § 910 of the Internal Revenue Code of 1939, 26 U.S. C.A. (I.R.C.1939) § 910:

"All claims for the refunding of the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax * * * "

Plaintiffs are the executors of the will of Gertrude Rommel Wilson, who died February 1, 1942. The estate tax return was filed May 1, 1943, accompanied by a remittance for the amount of tax shown to be due on the return. No claim or suit for a refund of this part of the tax has been filed.

After examining the return a revenue agent made a report asserting a deficiency in estate tax. On March 25, 1946, the collector sent the executors a form letter stating the amount of the proposed tax deficiency, with interest to March 28, 1946. The letter concluded:

"It is requested that you return the enclosed copy of this letter with your remittance covering both the tax and interest. No further interest is due."

The size of the estate and the amount of the tax depended on the outcome of claims of creditors against the Wilson estate and its interest in another decedent's estate, and the executors, consequently, did not agree that the claimed deficiency was correct.

On March 28, 1946, the executors mailed a check in the amount of the claimed deficiency, plus interest, but although they disagreed with the government's claimed deficiency, the record does not disclose that they sent with their check any letter or other indication of their position. The collector received the check April 1, 1946. On April 10, 1946, the collector sent the executors a letter enclosing a receipt. The executors filed their claim for refund on April 8, 1949.

If the payment of the deficiency took place on March 28, 1946, when the check was mailed, or on April 1, 1946, when it was received, it is clear that the claim

for refund, filed April 8, 1949, was not "presented to the Commissioner within three years next after the payment of the tax." It is necessary, therefore, to determine when payment occurred. Plaintiffs contend that since there was a dispute as to the amount of the tax the delivery of the check by them did not constitute payment, but merely a deposit to prevent the running of interest and the accrual of penalties. Their authority largely is Rosenman v. United States, 1945, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535.

The problem in the present case, which is not without difficulty, has been analyzed and discussed in Hill v. United States, 3d Cir., 1959, 263 F.2d 885. In the Hill case the taxpayers filed their estate tax return and mailed it with a check for the amount shown to be due in the return without sending an accompanying letter explaining the purpose of sending the check to the collector. Later the taxpayer-executors discovered that the estate owed $85,000 which they did not know about when they filed their return and paid the tax. They filed a claim for a refund more than three years after they had paid the tax. The court denied recovery saying, in 263 F.2d at page 887:

> "The difference, then, is whether a taxpayer gives the Government money in discharge of his tax debt or gives it money to stop interest and penalties while he and the Government contest what the debt is to be. We do not have any doubt that in the ordinary case where a taxpayer fills out his form, makes out his check and sends them in that he intends the remittance to be in discharge of his liability and that the Collector receives it in the same way."

The principle of the Hill case would seem to be that if a taxpayer without explanation sends a check with an estate tax return, in an amount corresponding to the tax indicated on the return, without some accompanying statement clearly indicating a contrary intent, that remit-

tance constitutes payment of the tax indicated on the return. It would seem to follow from this that where a revenue official makes a written request for a specific amount of tax and interest and the taxpayer promptly sends a check for that exact amount, without some accompanying statement clearly indicating a contrary intent, that remittance constitutes payment of the tax and interest requested. The remittance so made in this case constitutes payment, and since the claim for refund was filed more than three years thereafter, it is barred by § 910.

Judgment will be entered for the defendant.