**E. Stanley RICHARDSON, Rommel Wilson and George M. Clarke, Executors of the Estate of Gertrude Rommel Wilson, Deceased, Appellants,**

v.

**Francis R. SMITH, Individually and as Former Collector of Internal Revenue for the First District of Pennsylvania.**

No. 13798.

United States Court of Appeals Third Circuit.

Argued March 20, 1962.

Decided March 28, 1962.

Rehearing Denied May 4, 1962.

Logan Morris, Philadelphia, Pa. (Nesbit, Morris, Pugh & Noonan, Philadelphia, on the brief), for appellants.

Alan D. Pekelner, Department of Justice, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Attys., Department of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM.

This is an action for the recovery of federal estate taxes. The defense is the statute of limitations of the Internal Revenue Code of 1939, which requires claims for refund to be presented to the Commissioner within three years after payment.[1] The taxpayers filed a federal estate tax return for their decedent and paid the amount they figured to be due. This return was examined by an agent of the Commissioner who claimed a deficiency. The defendant sent and the taxpayers received a form letter requesting payment of the deficiency, with interest computed to March 28, 1946. The taxpayers did not concede that the amount of the alleged deficiency was correct but on the same day drew a check for the claimed amount and mailed it without explanation to the Collector of Internal Revenue for the First District of Pennsylvania. The taxpayers' receipt for this payment bore the date of April 10, 1946, but on the same document the date April 1, 1946 appeared.

1. Int.Rev.Code of 1939, § 910, 26 U.S.C.A. § 910.

The taxpayers claim that the date of payment was April 10, the date stamped in large type on the receipt. The Collector contends that the date was April 1, which was the date the check was received by the Collector and which date is also shown upon the receipt. The district court relied upon the decision of this Court in Hill v. United States, 3 Cir., 263 F.2d 885 (1959).

We think the district court was correct and that the Hill case governs. The set of facts here is almost like that in Hill. There the taxpayers sent their check with their estimated tax; here the taxpayers sent their check upon receipt of a Government request to pay. We can see no difference in principle between the two cases.

The taxpayers claim estoppel against the Government because they relied upon the April 10 date shown on the receipt. But it is to be kept in mind that that same receipt showed also, though not so conspicuously, the April 1 date. Under these circumstances we cannot see how a convincing argument for the application of an estoppel—even assuming that the Government would be bound by an estoppel—can be made.

There is no appealing equity in the Government's position here. But we and other courts have pointed out in many instances that taxation is a game which must be played strictly in accordance with the rules. ·

The judgment of the district court will be affirmed.