T.C. Memo. 2005-57

UNITED STATES TAX COURT

JOSEPH T. HAYES AND MARILYN HAYES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7699-02L.                 Filed March 28, 2005.

Joseph T. Hayes and Marilyn Hayes, pro sese.

<u>Theresa G. McQueeney</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Pursuant to section 6330(d), petitioners seek review of an Appeals Office determination sustaining a proposed levy.[1]

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, as amended.

FINDINGS OF FACT

The parties have stipulated most of the relevant facts, which we incorporate herein by this reference.  When petitioners filed their petition, they resided in Flushing, New York.

1994 Tax Year

On their joint Form 1040, U.S. Individual Income Tax Return, for 1994 (Form 1040), petitioners reported a $9,223 amount due but made no remittance with their return.  Respondent assessed the amount reported on the return.  On February 26, 1996, respondent levied petitioner husband's retirement account and applied the proceeds to satisfy petitioners' then-outstanding 1994 balance and to generate a $1,224.24 refund.[2]

After an examination, respondent issued a notice of deficiency, determining a $3,010 deficiency in petitioners' 1994 Federal income tax liability.  Petitioners did not petition the Tax Court to redetermine the deficiency.  On June 2, 1997, respondent assessed the $3,010 additional tax.

1996 Tax Year

On their joint Form 1040 for 1996, petitioners reported a $1,588 amount due but made no remittance with their return. Respondent assessed the amount reported on the return.

---

[2] The refund was apparently attributable to certain payments that had been made on petitioners' 1994 account after the return was filed but before the levy proceeds were applied.

After an examination, respondent issued a notice of deficiency, determining a $4,921 deficiency in petitioners' Federal income tax for 1996. Petitioners did not petition the Tax Court to redetermine the deficiency. On February 15, 1999, respondent assessed the $4,921 additional tax.

1997 Tax Year

On their joint Form 1040 for 1997, petitioners reported total tax of $1,046, withholding credits of $464, an estimated tax penalty of $29, and an amount due of $611. Petitioners remitted the $611 with their 1997 return; however, respondent applied this payment against petitioners' outstanding 1994 balance and assessed the amount reported on their 1997 return, plus penalties and interest.

Collection Action

On March 6, 2000, respondent issued to petitioners a Letter 1058, Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing for the tax years 1994, 1996, and 1997. Petitioners requested and received the referenced hearing. On April 11, 2002, respondent issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining respondent's proposed levy.

OPINION

If a taxpayer fails to pay any Federal income tax liability within 10 days of notice and demand, the Secretary is authorized

to collect the tax by levy on the taxpayer's property. Sec. 6331(a). Upon request, the taxpayer is entitled to an administrative hearing before the Appeals Office of the Internal Revenue Service. Sec. 6330(b)(1). If dissatisfied with the Appeals Office determination, the taxpayer may seek judicial review in the Tax Court or a Federal District Court, as appropriate. Sec. 6330(d).

Respondent's position before trial, as reflected in his pretrial memorandum, was that petitioners had never paid the $611 amount due as shown on their joint 1997 return. At the commencement of trial, respondent's counsel stated that as she was reviewing respondent's transcripts of petitioners' accounts in preparation for trial, she had discovered that "it appears as though the taxpayer sent in his 1997 return with a payment of $611. We're not sure as to why, but that payment got applied to 1994 rather 1997."[3]

On the basis of all the evidence, we have found, as respondent's counsel has suggested, that petitioners remitted the $611 payment with their 1997 return. Respondent has offered no explanation or justification for applying the $611 remittance to

---

[3] Respondent's counsel represented that this matter could be resolved administratively. After the trial, we allowed the parties an opportunity to attempt to resolve this case administratively. After a prolonged attempt to reach an offer in compromise, the parties reported to the Court that they were unable to reach any agreement.

petitioners' 1994 account; respondent has cited, and we are aware of, no authority for this action.  Cf. <u>Hill v. United States</u>, 263 F.2d 885, 887 (3d Cir. 1959) ("We do not have any doubt that in the ordinary case where a taxpayer fills out his form, makes out his check and sends them in that he intends the remittance to be in discharge of his liability and that the Collector receives it in the same way."); <u>Baimbridge v. United States</u>, 335 F. Supp. 2d 1084, 1095 (S.D. Cal. 2004) ("Delivery of a check with a tax return is generally sufficient to designate the payment toward the liability for the period of the return.").  Petitioners' $611 payment fully satisfied their 1997 tax liability.[4]  Accordingly, respondent's proposed levy is not sustained insofar as it relates to petitioners' 1997 tax year.

Petitioners have not challenged their underlying tax liabilities for 1994 and 1996.  At trial, petitioner husband made a generalized request for relief from penalties and interest.  Petitioners have not alleged, however, and the record does not reveal any basis for granting petitioners any relief in this regard with respect to their 1994 and 1996 tax years.  Petitioners have not otherwise alleged, and the record does not

---

[4] We are mindful that the Secretary may credit an <u>overpayment</u>, including interest thereon, against any Federal income tax liability of the person who made the overpayment.  Sec. 6402(a).  Petitioners, however, did not overpay their 1997 Federal income tax liability.

suggest, any reason why respondent's proposed levy with respect to their 1994 and 1996 tax years should not proceed.[5]

In light of the foregoing,

> <u>Decision will be entered for respondent with respect to petitioners' 1994 and 1996 tax years and for petitioners with respect to petitioners' 1997 tax year</u>.

---

[5] At trial, respondent's counsel suggested that as a result of moving petitioners' $611 payment from 1994 to 1997, petitioners' 1994 balance would increase accordingly.  We note, however, that respondent's proposed levy with respect to petitioners' 1994 taxes does not presently encompass any liabilities resulting from reversal of the $611 credit to petitioners' 1994 account.